Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 28, 2009, which, in an action to recover a real estate brokerage commission, to the extent appealed from as limited by the briefs, directed plaintiff to provide defendants with (1) the identity of the customer for whom plaintiff was waiting in the lobby of the subject building on the day she *614 showed the subject apartment to the buyer of the apartment, for attorneys’ eyes only, (2) board packages prepared by plaintiff for the subject building with the names of the buyers redacted, for attorneys’ eyes only, (3) the dates on which and names of persons to whom the subject apartment was shown by plaintiff, for attorneys’ eyes only, and (4) the number of apartments sold by plaintiff in the subject building, unanimously affirmed, without costs.
Plaintiff failed to carry its burden of showing that the information ordered to be disclosed constitutes trade secrets protected from disclosure (see Mann v Cooper Tire Co., 33 AD3d 24, 30 [2006], lv denied 7 NY3d 718 [2006]). For trade secret protection to apply, the information sought to be protected must not be known by others (see id. at 32). The names of the customers who were scheduled to see the subject apartment and those who had seen it as prospective buyers are not exclusively known by plaintiff; the owner/seller of the apartment could have known this. Also, the board packages are not by their very nature secret since they are prepared by brokers for use by members of the building’s board of managers; moreover, the motion court took the precaution of directing that the buyers’ names be redacted from the board packages. Finally, the number of apartments sold by plaintiff in the building should be a matter of public record. Significantly, defendants are not seeking nor is plaintiff being directed to disclose its customer lists. The disclosure order is very narrow in scope and requires production of only such evidence as is necessary to put the fundamental credibility of plaintiffs principal before the trier of fact on matters that plaintiff itself has put in issue. Such issues include whether the buyer of the apartment approached plaintiff’s principal in the lobby of the building and asked her to take him to see the apartment, whether the seller of the apartment was present during the viewing and told the buyer to deal with him through plaintiff, whether the buyer told plaintiff that he wanted to buy the apartment, and whether plaintiff prepared a board package for the buyer and gave it to the concierge. Since plaintiff did not carry its initial burden of showing that the information sought constitutes trade secrets, the burden never shifted to defendants to show that the information is indispensable and cannot be acquired in any other way (see id. at 30-31). We have considered plaintiffs other arguments and find them to be without merit. Concur—Sweeny, J.P., Buckley, DeGrasse, Freedman and Abdus-Salaam, JJ.